UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lindsay Franzo, | ) | Civil Action No.: 4:15-cv-03387-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Careteam, Inc.; Johanna Haynes; Dr. Bi Akwen Tadzong-Fomundam, M.D.; Dr. Nyabilondi Huguette Ebama, M.D.; Dr. Ramesh Anand Bharadwaj; | ) ) ) ) ) | |
| Defendants. | ) ) | |

This False Claims Act case was filed on August 25, 2015. On February 9, 2016, the United States filed its notice of election to decline intervention. On the same date, the Court unsealed the case and ordered that the Complaint be served on the Defendants. As of the date of this Order, Plaintiff has not filed a proof of service indicating service of the Summons and Complaint on the Defendants. On January 25, 2017, the Court issued a Text Order providing notice to Plaintiff that the case would be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if, by February 4, 2017, Plaintiff did not file proof of service, or show good cause why Defendants had not been served within the time prescribed by Rule 4(m), Fed. R. Civ. P. *See* [ECF No. 16]. To date, Plaintiff has not filed a proof of service or any response or reply to the Court's Text Order ECF No. 16. There has been no further activity in this case since February 9, 2016.

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 90 days after the complaint is filed, or for removal cases, within 90

days from the date of removal.[1] Fed. R. Civ. P. 4(m); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010). A plaintiff may escape dismissal for failure to timely serve process only if he demonstrates "good cause" for the delay. Fed. R. Civ. P. 4(m). To show "good cause," a plaintiff must demonstrate that he made "'reasonable, diligent' efforts to effect service on the defendant." *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va.1996). Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors . . . stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, No. 3:10-cv-210, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010) (quoting *T & S Rentals*, 164 F.R.D. at 425). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service. *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012); *see also* 4B Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure: Civil* § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server"). "Counsel's negligent failure to perfect service does not support a showing of good cause." *Id.* (citing *McCollum*, 2010 WL 5100495, at *2).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *See Giacomo–Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir. 1999) (Table) (citations omitted). If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, he must also show that he "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is not easily demonstrated." *Martinez v. United States*,

---

[1] Prior to December 1, 2015, Rule 4(m) provided a 120 day deadline for serving the summons and complaint. Effective December 1, 2015, Rule 4(m) was amended and the time for perfecting service was shortened to 90 days.

578 Fed. App'x 192, 194 (4th Cir. 2014) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted).  The Fourth Circuit "ha[s] held that 'a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect.'" *Id.* (quoting *Robinson v. Wix Filtration Corp.*, LLC, 599 F.3d 403, 413 (4th Cir. 2010)).

Plaintiff has failed to make a showing of good cause or excusable neglect and has offered no explanation or reason as to why she failed to serve Defendants with a copy of the Summons and Complaint within the time prescribed by Rule 4(m).  Therefore, this case is DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

February 7, 2017                                           s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                United States District Judge